# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| SHANE LEE CORNWELL,<br>*Plaintiff* § § § | |
| v. § § | Case No. 1:21-cv-00747-LY |
| UNITED STATES OF AMERICA,<br>*Defendant* § § | |

## ORDER

Before the Court is Defendant United States' Motion to Compel, filed August 1, 2022 (Dkt. 25); Plaintiff's Response to United States' Motion to Compel, filed August 8, 2022 (Dkt. 29); Defendant's Reply, filed August 11, 2022 (Dkt. 30); Defendant's Motion for Leave to File under Seal and solely for *In Camera* Review, filed August 12, 2022 (Dkt. 31); and the parties' Joint Advisory, filed August 18, 2022 (Dkt. 33).[1] The Court held a hearing on the Motion on August 22, 2022.

### I. Motion to Compel

After conferring as required under Local Rule CV-7(g), the parties have narrowed the scope of Defendant's Motion to Compel to the extent that only one issue remains in dispute. Defendant asks the Court to order Plaintiff to "engage in a reasonable inquiry, beyond simply relying on his memory, and provide a complete list of medical providers related to the July 2019 accident" at issue in this lawsuit. Dkt. 33 at 1. Plaintiff responds that he "believes that Defendant is equally capable of providing a reasonable inquiry." *Id.*

---

[1] The District Court referred the motion and related filings to the undersigned Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules") on August 5, 2022. Dkt. 28. Pursuant to stipulation, discovery is set to close on January 17, 2023. Dkt. 34 ¶ 3.

1

### A. Legal Standard

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

### B. Analysis

The information Defendant seeks is responsive to its Interrogatory No. 16:

> Describe in detail all injuries, illnesses, ailments and disabilities that You suffered or were diagnosed with since 2011, specifying the parts of Your body affected, the severity of injuries, ailments, or pains, the treatment you undertook; and the time period during which each lasted. In Your answer, list every health care provider who rendered treatment to You during this time. Please include any provider of alternative or non-traditional healthcare, including (without limitation) massage therapy, chiropractic, acupressure, and acupuncture. For each provider, identify his or her specialty, services rendered, last known address and telephone number, and the inclusive dates of treatment.

Dkt. 25-7 at 7. Plaintiff answered this interrogatory, without objection, by describing injuries he suffered in a 2012 motorcycle accident and supplemented his answer with more detail about his treatment for those injuries. *Id.* at 7.

Plaintiff submits that he has identified the names of the only two providers he can remember who provided treatment pertaining to the July 2019 accident. At the hearing, Defendant requested that the Court order Plaintiff to conduct a reasonable review of his personal records – including, but not limited to, insurance and banking records and crash reports – within his possession, custody, or control, to determine whether they identify any additional medical providers related to the July 2019 accident. The Court finds this request to be relevant, proportional to the needs of the case, and not overly burdensome. *See* Rule 26(b)(1); *Morris v. Wyeth, Inc.*, 2010 WL 1141224, at *3 (W.D. La. Mar. 22, 2010) (ordering plaintiff to identify each health care provider and facility from which she received care); *Cmedia*, 216 F.R.D. at 389.

### C. Conclusion as to Motion to Compel

For the foregoing reasons, the Court hereby **GRANTS** Defendant United States' Motion to Compel (Dkt. 25) to the extent that Plaintiff is **ORDERED** to conduct a reasonable review of his personal records and provide Defendant a complete list of medical providers of which he has knowledge related to the July 2019 accident at issue in this case **on or before September 16, 2022**.

## II.  Motion for Leave to File under Seal

Defendant also seeks leave to file Plaintiff's medical record under seal as an exhibit to its reply in support of its Motion to Compel for *in camera* review. Dkt. 31 at 1. The exhibit is irrelevant to resolution of the issue remaining for resolution in Defendant's Motion to Compel. Accordingly, Defendant's Motion for Leave to File under Seal and solely for *In Camera* Review (Dkt. 31) is **DENIED** and the exhibit at Dkt. 31-1 shall be **WITHDRAWN**.

Any relief not expressly granted in this order is hereby **DENIED**.

**SIGNED** on August 22, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE